COZEN O'CONNOR
CHRISTOPHER C. FALLON, JR.
45 Broadway, 16th Floor
New York, New York 10006
(800) 523-2900
Attorneys for Plaintiff

**07 CIV. 6852**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CELIA KATZ, Administratrix of the Estate of MICHAEL KATZ 340 Harrison Avenue Elkins Park, PA 19027 | : CIVIL ACTION : NO. : : |
| Plaintiffs, | : JURY TRIAL DEMANDED |
| v. | : |
| ALBERT A. MUNSCH, JR. 135 Finchville Turnpike Otisville, NY 10963 | : : : : |
| Defendant. | : |

**BRIEANT**

## COMPLAINT

### The Parties

1. The plaintiff in this case is Celia Katz who, at all times material hereto, was and is a citizen of the Commonwealth of Pennsylvania residing at 340 Harrison Avenue, Elkins Park, PA 19027. The plaintiff, Celia Katz is the widow of Michael Katz, deceased, and plaintiff is Administratrix of the Estate of Michael Katz.

2. Defendant, Albert A. Munsch, Jr., is a citizen of the State of New York who, at all times material hereto, resided at 135 Finchville Turnpike, Otisville, New York 10963.

### JURISDICTION AND VENUE

3. Jurisdiction over the controversy is invoked pursuant to 28 U.S.C. 1332 since the plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      Venue is proper since the accident that is the subject of this litigation occurred within the jurisdiction of this district court.

## GENERAL ALLEGATIONS

5.      On June 22, 2007, Michael Katz died as a result of injuries sustained in an accident which occurred on June 21, 2007 in Otisville, New York.

6.      On July 9, 2007, Celia Katz was granted Letter of Administration for the Estate of Michael Katz, deceased, by the office of the Registers of Wills of Montgomery County where the decedent resided at the time of his death on June 22, 2007.

7.      On June 21, 2007, plaintiff's decedent, Michael Katz was lawfully operating his 2002 Yamaha Motorcycle in Otisville, New York.

8.      While lawfully proceeding along State Street is Otisville, decedent's motorcycle struck by a car owned and operated by defendant Albert A. Munsch, Jr. who made a left turn in front of decedent causing an accident that resulted in serious injury, leading to the death of Michael Katz.

9.      The foregoing accident and the serious injuries sustained by and the death of plaintiff's decedent herein were caused wholly and solely as a result of the negligence, carelessness and gross negligence of defendant, Albert A. Munch, Jr. in each of the following ways:

   a.   failing to yield the right of way to plaintiff's decedent who was traveling in his proper lane of travel;

   b.   failing to make a proper lookout for other vehicles including, but not limited to, the plaintiffs' decedent's vehicle;

   c.   failing to operate his vehicle at a speed at which the driver could stop without colliding with the plaintiff's decedent's vehicle;

    d.    failing to operate his vehicle in a safe manner;

    e.    failing to have his vehicle under proper and adequate control;

    f.    operating his vehicle in an inattentive manner;

    g.    failing to use due care under the circumstances;

    h.    failing to keep a proper lookout;

    i.    operating his vehicle without due regard for the rights, safety and position of the general public including plaintiff's decedent herein;

    j.    failing to keep his vehicle in the proper travel lane; and

    k.    through such other negligent acts as may be proven from facts now exclusively in the possession of the defendant which may be ascertained after the filing of this Complaint.

10.    As a direct and proximate result of the foregoing accident and the negligence and other liability producing contact of the defendant, plaintiff's decedent, Michael Katz, suffered serious bodily injuries ultimately resulting in his death.

**COUNT I**

**<u>Celia Katz, as Administratrix of the Estate<br>of Michael Katz v. Albert A. Munsch, Jr.<br>(Wrongful Death)</u>**

11.    Plaintiff repeats and incorporates paragraphs 1-10 by reference as though fully set forth at length herein.

12.    As a result of the defendant's negligence and breaches of the duties owed to plaintiff's decedent, Michael Katz suffered serious injuries and subsequently died.

13.    Plaintiff's decedent, Michael Katz did not bring any action during his lifetime nor has any other action for the death of plaintiff's decedent been commenced by plaintiff herein.

14.    Plaintiff brings this action pursuant to 42 Pa. C.S. § 8301, also known as the Wrongful Death Act, and plaintiff claims all damages against defendant that are recoverable

under the Wrongful Death Act including, but not limited to, the pecuniary value of the services and assistance that decedent would have provided to his wife and family had he lived.

15. As a direct and proximate result of the negligence and carelessness of the defendant, plaintiff has been and will be deprived of the financial contributions which she would have received from decedent, Michael Katz, for which she makes a claim against the defendant under the Pennsylvania Wrongful Death Act.

16. As a direct and proximate result of the negligence and carelessness of defendant, plaintiff has been obliged to spend large sums of money for medical, hospital, funeral and other expenses incurred in connection therewith.

WHEREFORE, plaintiff, Celia Katz, as Administratrix of the Estate of Michael Katz, demands judgment in her favor and against defendant for compensatory damages in an amount in excess of $75,000 together with prejudgment interest and the costs of prosecuting this action.

## COUNT II

### Celia Katz, as Administratrix of the Estate of Michael Katz v. Defendant Albert A. Munsch, Jr. (Survival Action)

17. Plaintiff repeats and incorporates paragraphs 1-16 above by reference as though fully set forth at length herein.

18. Plaintiff, Celia Katz also brings this action pursuant to 42 Pa. C.S. § 8302, which is known as the Survival Act, and she claims all damages recoverable under the Survival Act.

19. As a result of the death of decedent, Michael Katz, his Estate has been deprived of the economic value of the decedent's life during the period of his life expectancy, and plaintiff, Celia Katz, as Administratrix of the Estate of Michael Katz, claims damages for the economic loss suffered by the decedent's Estate as a result of defendant's negligence and other liability producing conduct.

20. As a further direct and proximate result of the negligence and carelessness and other liability producing conduct of the defendant, plaintiff's decedent experienced conscious pain and suffering, shock and anguish up to and including the time of his death, and plaintiff makes a claim herein for such damages as would compensate the Estate of Michael Katz for these damages as well.

WHEREFORE, plaintiff, Celia Katz, as Administratrix of the Estate of Michael Katz, deceased, demands judgment in her favor and against defendant, for compensatory damages in an amount in excess of $75,000 together with prejudgment interest and the costs of prosecuting this action.

        Respectfully submitted,

        COZEN O'CONNOR

BY: _____
        CHRISTOPHER C. FALLON, JR., ESQ.
        45 Broadway Atrium
        New York, NY 10006
        (Tel.) 1-800-523-2900

        Attorneys for Plaintiff

PHILADELPHIA\3272393\1  208590.000